Irene V. Fitzgerald, Bar No. 266949
ifitzgerald@littler.com
Annureet K. Bezwada, Bar No. 297883
abezwada@littler.com
Aaron M. Bausch, Bar No. 352809
abausch@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:   559.244.7500
Facsimile:   559.244.7525

Attorneys for Defendants
TRINITY HOME HEALTH SERVICES DBA
SAINT AGNES HOME HEALTH AND
HOSPICE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LARSSEN, on behalf of herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAINT AGNES HOME HEALTH AND HOSPICE, a California Limited Liability Company; TRINITY HOME HEALTH SERVICES, a Michigan Non-Profit Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT TRINITY HOME HEALTH SERVICE DBA SAINT AGNES HOME HEALTH AND HOSPICE** |

LITTLER MENDELSON, P.C.
5200 North Palm Ave.
Suite 302
Fresno, CA 93704-2225
559.244.7500

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF AND PLAINTIFF's ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant TRINITY HOME HEALTH SERVICES DBA SAINT AGNES HOME HEALTH AND HOSPICE ("Defendant" or "Trinity Home Health Services") hereby removes the action of *Jennifer Larsen v. Saint Agnes Home Health and Hospice, et al.,* pending before the Superior Court of the State of California for the County of Fresno, Case No. 25CECG05852, to the United States District Court for the Eastern District of California. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446 due to complete diversity of the parties' citizenship.

In support of this Notice of Removal, Defendant states the following:

**I.     STATEMENT OF JURISDICTION**

1.     This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.     VENUE**

2.     This action was filed in the Superior Court for the State of California, County of Fresno. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(b), 1391, 1441, and 1446.

///

///

///

LITTLER MENDELSON, P.C.
5200 North Palm Ave.
Suite 302
Fresno, CA 93704-2225
559.244.7500

4876-2990-5710.1 / 066156-1016

1.

### III.   DEFENDANT

3.   For diversity jurisdiction purposes, the citizenship of a corporation is the state of incorporation and the state of the corporation's principal place of business. 28 U.S.C. § 1332(c)(1).

4.   At the time this action was commenced in state court, Defendant was, and still is, a non-profit corporation organized under the laws of the state of Michigan. See Declaration of Benjamin Petersen in Support of Defendant's Notice to Federal Court of Removal of Civil Action from State Court ("Petersen Decl.") ¶ 3.

5.   At the time this action was commenced in state court and at all relevant times, Saint Agnes Home Health and Hospice has not been a separate legal entity from Defendant. Saint Agnes Home Health and Hospice, LLC was dissolved on April 17, 2019, and the California Secretary of State issued a LLC Termination – Notice of Cancellation for same. See Petersen Decl., ¶ 4, **Exhibit 2**.

6.   At all relevant times to this action and to date, Defendant has done business as Saint Agnes Home Health and Hospice. See Petersen Decl., ¶ 5. The State of California, Department of Public Health has issued a license to Defendant to operate and maintain a home health agency doing business as Saint Agnes Home Health and Hospice. *Id*., **Exhibit 3**.

7.   Trinity Home Health Services' principal place of business and headquarters are located in Livonia, Michigan. See Petersen Decl., ¶ 6. Defendant primarily conducts its corporate and executive administrative functions in Livonia, Michigan. Defendant does not employ any executive officer located in the state of California. All executive functions and decision making are performed by individuals located outside of the state of California.  *Id*.

8.   Pursuant to 28 U.S.C. § 1332(c)(1), Defendant's citizenship, is Michigan.

9.   The Complaint names as defendants "DOES 1 through 10, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued

under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

## IV.    STATUS OF PLEADINGS, PROCESS AND ORDERS

10.    On or about December 19, 2025 Plaintiff Jennifer Lasrssen ("Plaintiff") filed a putative class action complaint ("Complaint") in the Superior Court of California, County of Fresno, which is captioned as follows: *Jennifer Larsen v. Saint Agnes Home Health and Hospice, a California Limited Liability Company; Trinity Home and Health Services, a Michigan Non-Profit Corporation; and Does 1 to 10, inclusive*, designated as Case No. 25CECG05852.  *See* Declaration of Annureet K. Bezwada in Support of Notice to Federal Court of Removal of Civil Action from State Court ("Bezwada Decl.") ¶ 2, **Exhibit A, Complaint**.

11.    Plaintiff served Defendant with the Summons, Complaint, the Civil Case Cover Sheet, and Notice of Case Management Conference and Assignment of Judge for All Purposes on January 22, 2026, through its registered agent for service of process. Bezwada Decl. ¶ 3, **Exhibits B, C**.    Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto as **Exhibits A, B** and **C** constitute all process, pleadings, and orders served upon Defendant and filed in this action.  *See* Bezwada Decl. ¶¶ 3-4.

12.    Plaintiff's Complaint alleges nine causes of action for: (1) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510 and 1198); (2) Failure to Pay all Wages and Minimum Wages (Cal. Lab. Code §§ 221 and 223); (3) Failure to Pay all Wages Owed at Termination (Cal. Lab. Code §§ 201-203); (4) Failure to Timely Pay all Wages Owed (Cal. Lab. Code § 204); (5) Failure to Furnish Accurate, Itemized Wage Statements and Failure to Maintain Accurate Records (Cal. Lab. Code §§ 226(a) and 1174.5); (6) Violations of California Business and Professions Code § 17200 *et seq*.

13.    Pursuant to the Complaint, Plaintiff brings the claims herein as a class action on behalf of herself and other similarly situated individuals who have worked for Defendant in California. *See* Bezwada Decl., **Exhibit A**, Compl. ¶ 7.

LITTLER MENDELSON, P.C.
5200 North Palm Ave.
Suite 302
Fresno, CA  93704-2225
559.244.7500

3.

14.     Plaintiff further defines the purported class as the "Plaintiff Class: All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action," and the "Terminated Subclass: All members of the Plaintiff Class whose employment ended during the Class Period." *See* Bezwada Decl., **Exhibit A**, Compl. ¶ 50.

15.     Plaintiff seeks unpaid wages, compensatory damages, restitution, disgorgement, declaratory relief, pre and post-judgment interest, statutory penalties, costs of suit, and attorneys' fees, among other damages.  *See* Exhibit A, Complaint, Prayer for Relief.  Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action.  *Id*.

16.     To the best of Defendant's knowledge, no further proceedings have been filed in Plaintiff's state court action in the Superior Court, and the papers described above constitute all process, pleadings and orders filed and/or served in the Superior Court.  *See* Bezwada Decl. ¶ 4.

## V.     TIMELINESS OF REMOVAL AND NOTICE

17.     An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within thirty (30) days of service on defendant of the initial pleading.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Pursuant to Federal Rule of Procedure 6(a)(1)(C), if the deadline falls on a Saturday, Sunday, or legal holiday, the deadline continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Courts have repeatedly held that F.R.C.P. Rule 6 applies to removals. *See Pioneer Nat'l Title Ins. Co. v. S.D.*, 881 F.2d 533, 536 (8th Cir. 1989) (Rule 6(a) governs §1446 deadlines); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* at 354–55 (time to remove is computed under Rule 6).

18.    Defendant was served with the Summons, Complaint, the Civil Case Cover Sheet, and Notice of Case Management Conference and Assignment of Judge for All Purposes on January 22, 2026. Bezwada Decl. ¶ 3. Accordingly, pursuant to 28 U.S.C. § 1446(b), and F.R.C.P. Rule 6(a)(1)(C), Defendant's deadline to remove this action falls on February 23, 2026.

19.    Removal of this action is timely because this Notice of Removal has been filed on or before February 23, 2026. *See* Bezwada Decl. ¶ 3.

**VI.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

20.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Bradley Grombacher, LLP, 31365 Oak Crest Drive, Suite 240, Westlake Village, California 91361. *See* Bezwada Decl. ¶ 5.  In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Fresno. *See* Bezwada Decl. ¶ 12, **Exhibit E**.

**VII.    REMOVAL DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332**

21.    28 U.S.C. Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

22.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley*

*Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that she is currently and at all relevant times has been a resident and domiciliary of California. **Exhibit A**, Compl. ¶ 9. Thus, Plaintiff is a citizen of California.

23. As established above, in paragraphs 4 through 9, which are incorporated herein as though fully set forth, at the time this action was commenced in state court, Defendant was, and still is, a non-profit corporation, incorporated in Michigan and its principal place of business is also in Michigan. *See* Petersen Decl. ¶¶ 3, 6. Accordingly, Defendant's citizenship, is that of Michigan for diversity purposes.

24. Defendant need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional requirement. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). Further, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Hall v. FCA US, LLC*, 2016 U.S. Dist. LEXIS 113376 (E.D. Cal. Aug. 24, 2016). Though Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint, to determine whether the minimum amount in controversy has been met, the Court must presume that Plaintiff will prevail on each of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not the amount, if any, that Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986

(S.D. Cal. 2005)

25.     The amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332(a). Plaintiff seeks injunctive relief, restitutionary disgorgement of profits, recovery of compensatory damages of lost income and other benefits, including lost wages, unpaid minimum wages, overtime wages, statutory penalties, liquidated damages, and attorney fees. *See* Bezwada Decl. **Exhibit A**, Compl. ¶¶57-105, and Prayer for Relief, ¶¶ 1-12.

26.     Plaintiff also alleges that she was not paid all wages due at termination under Labor Code section 203. *See* Bezwada Decl., **Exhibit** A, Compl. ¶ 33. Under this section, a Plaintiff may receive their daily rate of pay for up to 30 days. According to Plaintiff's Complaint, she worked eight hours per day. *Id.*, **Exhibit A**, Compl. ¶ 27. Plaintiff's final rate of pay was $56.2277. *See* Petersen Decl. ¶ 8. 8 hours per day * $56.2277 per hour * 30 days = $13,494.65. Accordingly, Plaintiff's Labor Code section 203 claim for wages due at termination, not including overtime, places **$13,494.65** in controversy.

27.     Plaintiff also alleges she was not paid overtime for all hours worked over eight hours in a day and over forty hours in a week. *See* Bezwada Decl., **Exhibit A**, Compl. ¶¶ 27-30. Review of Plaintiff's wage statements demonstrates that for weeks in which Plaintiff worked compensable hours, Plaintiff averaged 2.0024 hours of overtime per week. Bezwada Decl. ¶ 6. Using two hours of overtime per week, assuming Plaintiff was paid throughout employment at the first hourly rate she earned, and that her regular rate of pay did not include any bonus, Plaintiff would be due $17,490.00 in unpaid overtime (2.0 hours of OT/week * 110 weeks * $79.50.) Bezwada Decl. ¶ 7. Thus, Plaintiff's overtime claim related to lack of compensation for the overtime hours worked places **$17,490.00** in controversy.

28.     Plaintiff alleges that as a result of the conduct of Defendant her wage statements were inaccurate in violation of Labor Code section 226, and that she is due

damages pursuant to that section. *See* Bezwada Decl., **Exhibit A**, Compl. ¶ 36. Labor Code section 226(e)(1) allows an employee to recover $50 for the initial pay period in which a violation occurs and $100 dollars for each subsequent pay period in which a violation occurs. Labor Code section 226 provides for damages not to exceed $4,000. Plaintiff was provided 59 wage statements during the relevant time period. Petersen Decl. ¶ 8. If each wage statement was inaccurate based on Defendant's alleged failure to pay Plaintiff for all overtime due and at Plaintiff's proper regular rate of pay, as described above, Plaintiff would be due $5850 for inaccurate wage statements. Because damages under Labor Code section 226 are capped at $4,000, Plaintiff's inaccurate wage statement claim alone places **$4,000** in controversy.

29. Plaintiff also alleges she was not paid the full value of a $10,000 signing bonus. **Exhibit A**, Compl. ¶ 67. Plaintiff alleges she was due a $10,000 bonus, paid in $2,500 increments. Plaintiff's Complaint fails to allege the amount of the $10,000 bonus she was not paid. *See* Bezwada Decl., **Exhibit A**, Compl. ¶ 67. Accordingly, for the purposes of calculating the amount in controversy for this claim, Plaintiff places the entire value of the bonus, **$10,000.00** in controversy.[1]

30. Plaintiff also alleges that she is owed for disgorgement of all profits from Defendant's unlawful business practices. *See* Bezwada Decl., **Exhibit A**, Prayer for Relief ¶ 4. Plaintiff alleges Defendant's unlawful business practices included failing to pay Plaintiff for all overtime due and for failing to pay Plaintiff the bonus allegedly due. *Id*., **Exhibit A**, ¶ 98. As described above, Defendant allegedly failed to pay Plaintiff $17,490 of overtime wages and $10,000 in bonus payments. Thus, Plaintiff's claim for restitution places at least **$27,490.00** in controversy.

31. Plaintiff also alleges that she was not compensated for all hours worked. **Exhibit A**, Compl. ¶ 67. Plaintiff claims she is due statutory penalties under Labor

---

[1] Review of Plaintiff's wage statements demonstrates Plaintiff was paid $5,000 in signing bonus payments. Bezwada Decl. ¶ 8. Defendant disputes Plaintiff was due $5,000 in additional bonus payments. Nevertheless, at least $5,000, but potentially $10,000 are in controversy based on Plaintiff's claim that she was not paid all of the bonus that was allegedly due.

Code section 210 in the amount of $100 for each of Defendant's failure to pay her for all hours worked, $200 for each subsequent failure, plus 25% of the amount unlawfully withheld for up to one year. *See* Bezwada Decl., **Exhibit A**, Compl. ¶ 73. Plaintiff vaguely states that Defendant suffered or permitted Plaintiff to work portions of the day for which Defendant failed to compensate her. *Id*., **Exhibit A**, Compl. ¶ 70. Because Plaintiff does not describe the frequency of Defendant's alleged failure to account for all hours worked, Defendant can reasonably assume that once per pay period, Defendant failed to pay Plaintiff for all hours worked. Without accounting for the additional 25% of the wages actually allegedly due, if one violation is assumed per pay period, in one year, Plaintiff places $**5,100.00** in controversy on this claim. (1 pay period * $100 + 25 pay periods * $200.)

32.    Adding the amounts in controversy as described above, places the amount in controversy of Plaintiff's claims to at least **$77,574.65**. These claims alone bring the alleged amount in controversy over the $75,000 threshold for removal based on diversity.

33.    Plaintiff also seeks attorneys' fees and costs in her Complaint. *See* Bezwada Decl., **Exhibit A**, Compl., Prayer for Relief.  Plaintiff's Complaint alleges claims – for example, inaccurate wage statements – which allow for the recovery of attorneys' fees. *See Id.,* **Exhibit A**, Compl., Prayer for Relief.; Cal. Lab. Code § 218.5.

34.    It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy.  *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018); *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation).

35.    Under California's lodestar method, courts calculate fees by multiplying the reasonable hours expended by a reasonable hourly rate and may then adjust that figure with a multiplier to account for factors such as the contingent risk, results obtained, and quality of work. See *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095–96 (2000) (lodestar is "reasonable rate" × "reasonable hours," subject to adjustments); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132–34 (2001) (confirming potential enhancement to lodestar for contingent risk/exceptional results).

36.    Courts routinely determine $500 per hour as a reasonable fee for employment matters in the context of lodestar calculations. *See Nishiki v Danko Meredith, APC*, 25 Cal.App.5th 883 (The Court of Appeal affirmed the reasonableness of $500 per hour as a market rate for plaintiff-side employment attorneys); *Herron v Cnty. of Los Angeles*, (Cal. App. Dec. 8, 2021) (The Court of Appeal affirmed the reasonableness of $500 per hour as a market rate for plaintiff-side employment attorneys); *Navarro v 4Earth Farms*, B288105 (Cal. App. Sep. 04, 2019) (The Court of Appeal affirmed the reasonableness of $500 per hour as a market rate for plaintiff-side employment attorneys).

37.    Here, at an assumed rate of $400 per hour, Plaintiff's counsel would need to spend only 187.5 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (187.5x $400 = $75,000).

38.    Given that Plaintiff's claims alone place at least **$77,574.65** in controversy, Plaintiff's counsel would not need to spend any time on this matter to reach over $75,000 in controversy.

39.    Assuming typical litigation trajectories through discovery, dispositive motions, and trial, a conservative lodestar—using prevailing Los Angeles market rates (the location of Plaintiff's counsel) and reasonable hours—together with potential multiplier adjustments recognized by California law places Plaintiff's future attorney's fees alone well into the tens of thousands of dollars. Plaintiff's attorneys frequently seek over $40,000 in attorney's fees non-class wage and hour claims. *See Gramajo v.*

LITTLER MENDELSON, P.C.
5200 North Palm Ave.
Suite 302
Fresno, CA 93704-2225
559.244.7500

*Joe's Pizza on Sunset, Inc.,* 100 Cal.App.5th 1094 (2024) (Counsel for Plaintiff sought $294,920 in fees based on a $7,659.93 judgment in favor of Plaintiff on Plaintiff's individual wage and hour claims); *Chavez v. Cal. Collision, LLC*, 107 Cal. App. 5th 298, 302-03 (2024) (Counsel for three Plaintiffs sought $596,467.50 in fees after a trial awarding $21,061.00 in favor of one Plaintiff's individual wage and hour claims.)

40.   Combining Plaintiff's claimed wage-and-hour damages, penalties, restitution, and future attorney's fees places the amount in controversy well above the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the attorney's-fee component further confirms that the amount in controversy exceeds $75,000.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Fresno, to the United States District Court for the Eastern District of California.

Dated: February 23, 2026          LITTLER MENDELSON, P.C.


/s/ Irene V. Fitzgerald
Irene V. Fitzgerald
Annureet K. Bezwada
Aaron M. Bausch

Attorneys for Defendant
TRINITY HOME HEALTH SERVICES DBA
SAINT AGNES HOME HEALTH AND
HOSPICE

LITTLER MENDELSON, P.C.
5200 North Palm Ave.
Suite 302
Fresno, CA 93704-2225
559.244.7500

11.